UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KARINA BONILLA PARRA,

          Plaintiff,

   v.

CARRERO CONSTRUCTION and SAUL
CARRERO, Jointly and severally,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: _____

COMPLAINT

JURY TRIAL DEMANDED

     Plaintiff Karina Bonilla Parra, through her attorneys Lipsky Lowe LLP, asserts the following allegations and causes of action:

## NATURE OF THE ACTION

     1.    Plaintiff Bonilla Parra asserts claims of sexual harassment and retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") against her former employers, Defendants Carrero Construction and Saul Carrero.

     2.    Plaintiff Bonilla Parra asserts that Defendants willfully violated the New York Labor Law by (i) failing to pay overtime; (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; (iii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and (iv) failing to pay the minimum wage.

     3.    Plaintiff Bonilla Para asserts that Defendants willfully violated the Fair Labor Standards Act by failing to pay overtime.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, and jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. §§1391(b)(1) and (2): Defendant Carrero Construction is a resident of this District; and a substantial part of the events giving rise to the action occurred in this District.

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

7. Plaintiff Bonilla Parra was, at all relevant times, an adult individual, residing in Brooklyn, New York.

8. Upon information and belief, Defendant Carrero Construction is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 142 Norwood Ave, Staten Island, New York 10304.

9. Defendant Carrero Construction is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it purchases maintenance supplies and equipment that have been produced for and moved in commerce and it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

10.     Defendant Saul Carrero is, upon information and belief, an adult male, and a resident of the State of New York, and at certain relevant times, the supervisor at and owner of Defendant Carrero Construction, located on Staten Island, New York. As a supervisor and owner, Defendant Carrero controlled, *inter alia*, the terms and conditions of Plaintiff Bonilla Parra's employment, including, her schedule, work assignments and duties, compensation and termination.

11.     Defendants had substantial control over Plaintiff Bonilla Parra's working conditions and over the unlawful polices and practices alleged herein.

12.     Defendants are covered employers within the meaning of the FLSA and the Labor Law, at all relevant times, employed Plaintiff Bonilla Parra.

<u>STATEMENT OF FACTS</u>

13.     Defendant Carrero Construction operates a construction business providing construction and remodeling work in the State of New York.

14.     Defendant Carrero Construction's principal place of business is located at 142 Norwood Avenue, Staten Island, New York.

<u>Sexual Harassment</u>[1]

15.     Since Plaintiff Bonilla Parra commenced her employment with Defendants, Defendant Carrero, her supervisor, repeatedly asked her to go out with him. He would ask Plaintiff Bonilla Parra to go out with him at least four to five times per day. She always told him no. He even offered Plaintiff Bonilla Parra money if she agreed to go out with him. She felt very uncomfortable with Defendant Carrero's proposal.

---

[1] The subject lines are included only for organizational purposes.

16.     From the first day of her employment with Defendants, she made it clear to Defendant Carrero that she was not interested in having a romantic relationship at or outside work.

17.     Undeterred by Plaintiff Bonilla Parra constantly rejecting his sexual advances, Defendant Carrero would regularly harass her, ask her to go out with him, grab her waist, and touch and caress her leg, without her consent.

18.     Defendant Carrero regularly called Plaintiff Bonilla Parra "chaparrita" and "mi amor," which translates to "shorty" and "my love," rather than calling her by her name.

19.     Plaintiff Bonilla Parra felt extremely uncomfortable with Defendant Carrero calling her these names because her co-workers started asking her what kind of relationship she had with him. She would always deny she had a relationship with Defendant Carrero and would insist that he call her by her name, "Karina." But he refused.

20.     Plaintiff Bonilla Parra would consistently remind Defendant Carrero that she was not interested in him, and she was only interested in working. She also told him that she felt very uncomfortable when he touched her without her consent.

21.     Defendant Carrero attempted to justify his unlawful behavior towards her by telling her,  "but I like you," insinuating that his unlawful harassment of Plaintiff Bonilla Parra was acceptable.

22.     In mid-March 2022, while in the car with Defendant Carrero, he asked Plaintiff Bonilla Parra, "why don't you go out with me?" She again continued to express her refusal to have a relationship with him and told him that she is not interested and only wants to work.

23.     She then got out of the car and went to buy two cups of coffee for her and Defendant Carrero. As she got back in the car and gave Defendant Carrero his cup of coffee, he tells her, "we should do this more often," and then grabs her left leg and starts caressing her thigh. She immediately pushed the cup of coffee towards his chest and told him to stop. She felt extremely uncomfortable and afraid that Defendant Carrero would react violently towards her because she rejected his sexual advances or fire her. Once again, Defendant Carrero insisted that his conduct was "nothing bad" because she knows he likes her.

24.     Around April 2022, while dropping Plaintiff Bonilla Parra at her home, Defendant Carrero stopped the car, and had her weekly earnings in an envelope in his hand. Plaintiff Bonilla Parra asked him whether she can get her weekly earnings, and Defendant Carrero replied, "yes, but go out with me." He started asking her multiple times, "why don't you go out with me?" She grew frustrated at his unwillingness to give her weekly earnings. She then tried to grab the envelope from his hands, but he refused to hand it to her. He then – without her consent or invitation – kissed her on the lips.

25.     She quickly pushed him away and told him that she just wants her money. He replied, "I only want you to go out with me. Why don't you give me an opportunity?" She then snatched the envelope from his hand and left the car.

26.     The day after Defendant Carrero kissed her, Plaintiff Bonilla Parra confronted him about the incident and warned him that if this happened again, she would take some action against him, insinuating that she would explore her legal rights. Defendant Carrero just laughed at her, dismissing her concerns and minimizing her.

27.     Plaintiff Bonilla Parra grew afraid of Defendant Carrero's unlawful behavior. Sometime after this incident, Defendant Carrero called Plaintiff Bonilla Para and asked her if she went to look for work since he did not schedule her to work that day. She told him that she was going to the park. As she was walking in the park, she noticed Defendant Carrero speed walk right past her and laughing. He did not greet her, but she knew that he saw her. She felt that Defendant Carrero was following her.

28.     The following day, she confronted Defendant Carrero and asked him, "are you following me?" He denied and claimed that he did not see her. However, Plaintiff Bonilla Para knew that he was lying because he showed up at the park only after she told him that she was going to the park over the phone.

29.     The pattern of Defendant Carrero making sexual advances on Plaintiff Bonilla Parra went unchecked for months and caused her to feel uncomfortable at work, knowing she has to interact with him at work and because he was her supervisor, who could, at any moment, fire her.

30.     Around late June/early July 2022, Mr. Francisco Gonzalez, Defendants' other foreman and owner, became aware of Defendant Carrero harassing Plaintiff Bonilla Parra. As they were buying materials for a job site, Mr. Gonzalez witnessed Defendant Carrero forcibly hug Plaintiff Bonilla Parra from behind and grab her waist. She immediately rejected his advances by removing his hands off her and telling him, "I do not like it."

31.     Puzzled by Plaintiff Bonilla Parra's reaction, Mr. Gonzalez approached Plaintiff Bonilla Parra later that day to talk about the incident. He asked her, "what happened? I thought you guys had a relationship." Mr. Gonzalez then shared a conversation

he had with Defendant Carrero where he instructed Mr. Gonzalez to not get near Plaintiff Bonilla Parra because he was in a relationship with her.

32.    Plaintiff Bonilla Parra was taken aback by this conversation because she did not know that Defendant Carrero was spreading false rumors that she was in a romantic relationship with him. She told Mr. Gonzalez that she felt uncomfortable working with Defendant Carrero and that she was afraid that he would fire her if she did not submit to his sexual advances, placing Defendants on notice of Defendant Carrero's sexual harassment towards her. She also denied that she was in a romantic relationship with Defendant Carrero. Mr. Gonzalez assured her that he would schedule Plaintiff Bonilla Parra to work with him, rather than Defendant Carrero.

33.    For about a month, Plaintiff Bonilla Parra regularly worked with Mr. Gonzalez rather than Defendant Carrero. She felt relieved that the sexual harassment appeared to be over. However, the few times she was scheduled to work with Defendant Carrero, the sexual harassment resumed.

34.    As Defendant Carrero's harassment of Plaintiff Bonilla Parra became increasingly apparent, Mr. Gonzalez would instruct Defendant Carrero to stop harassing her because they were coworkers. But he actively ignored him and continued harassing Plaintiff Bonilla Parra.

35.    Around mid-August 2022, when Mr. Gonzalez was sick and out of work, Plaintiff Bonilla Parra was forced to work with Defendant Carrero regularly again.

36.    Because Plaintiff Bonilla Parra's work environment became so intolerable, she was afraid of working with him because she knew that he would try to touch her and

keep nagging her to go out with him. She was also afraid that he would fire her because she continued to reject his sexual advances.

37.     When she resumed working for Defendant Carrero, she noticed that he was noticeably angry with her because he believed that she was in a romantic relationship with Mr. Gonzalez, since she spent more time working with him than with Defendant Carrero. He would tell clients that Plaintiff Bonilla Parra's boyfriend was Mr. Gonzalez, which made her feel uncomfortable since it was not true. Despite this, Defendant Carrero would still harass Plaintiff Bonilla Parra.

38.     Concerned about her job, Plaintiff Bonilla Parra consistently denied that she was in a relationship with Mr. Gonzalez and assured Defendant Carrero that she only wants to work. However, Defendant Carrero was noticeably infuriated, and he apparently did not believe her, and in turn, retaliated against her.

Retaliation

39.     Around late August 2022, once Defendant Carrero falsely believed that Plaintiff Bonilla Parra was in a romantic relationship with Mr. Gonzalez and as she continued to reject his sexual advances, he retaliated against her by cutting her hours, sending her home early, and scheduling her to work only two to three days per week, rather than six days a week, her regular schedule.

40.     Defendant Carrero would also force Plaintiff Bonilla Parra to carry and lift heavy garbage bags by herself, a task that Defendant Carrero would always help her with. When Plaintiff Bonilla asked Defendant Carrero for help with this added duty, he would reply, "so why do I bring you to work?" and he would refuse to help her.

41.     Plaintiff Bonilla Parra asked Defendant Carrero why he stopped scheduling her to work. He claimed that he did not have any jobs for her, but she knew that he was lying because he was still working every day and scheduling other employees to work with him. It became clear that Defendant Carrero cut her hours and days of work in retaliation for Plaintiff Bonilla Parra rejecting his sexual advances.

42.     Additionally, Defendant Carrero assigned Plaintiff Bonilla Parra more responsibilities in retaliation for rejecting his sexual advances and refusing to have a romantic relationship with him.

43.     On September 12, Defendant Carrero saw Plaintiff Bonilla Parra's fiancé picked her up from work. He seemed visibly frustrated and angry. After learning that Plaintiff Bonilla Parra had a fiancé, Defendant Carrero never called Plaintiff Bonilla Parra or scheduled her to work again, thereby terminating her employment in retaliation for her rejecting his sexual advances.

44.     Defendant Carrero Construction condoned the sexual harassment by Defendant Carrero against Plaintiff Bonilla Parra and the resulting retaliation, rather than correcting Defendant Carrero's behavior and curing the sexual harassment.

45.     Upon information and belief, Defendant Carrero Construction failed to discipline Defendant Carrero despite Plaintiff Bonilla Parra's complaints of sexual harassment and retaliatory conduct.

46.     Defendant Carrero Construction was aware of the sexual harassment but permitted it to continue unremedied.

47.     As a result of Defendants' harassment and retaliation of her, Plaintiff Bonilla Parra has suffered and continues to suffer, *inter alia*, loss of wages, emotional

-9-

distress, mental anguish, emotional pain, suffering, inconvenience, and loss of enjoyment of life.

Duties Performed, Hours Worked and Hourly Rate

48.     Defendants employed Plaintiff Bonilla Parra as a laborer from March 2022 to September 12, 2022, when Defendants terminated her employment.

49.     Defendant Carrero and Mr. Gonzalez occasionally assigned Plaintiff Bonilla Parra to work as a foreman when they were not present at the job site.

50.     As a laborer, Plaintiff Bonilla Parra was responsible for carrying materials, removing garbage, remodeling floors and bathrooms, performing plumbing and electricity work, applying various finishes to homes, rooms, or other structures, including primers or sealers, and painting walls, rooms, and other structures.

51.     As a foreman, Plaintiff Bonilla Parra was responsible for coordinating tasks for the job site, supervising the work of employees, and overseeing the quality of the site.

52.     Throughout her employment with Defendants, Plaintiff Bonilla Parra regularly worked in excess of 40 hours per week.

53.     From March 2022 to May 2022, Plaintiff Bonilla Parra worked from 6:00 a.m. to 10:00 p.m., Monday to Saturday, totaling 96 hours per week.

54.     From May 2022 to early September 2022, Plaintiff Bonilla Parra worked from 6:00 a.m. to 6:00 p.m., Monday to Saturday, totaling 72 hours per week.

55.     Plaintiff Bonilla Parra was not required to keep track of her time, nor to her knowledge, did Defendants utilize any time tracking device, such as punch cards.

56.     Throughout her employment, Defendants paid Plaintiff Bonilla Parra $130 per day regardless of the number of hours that she worked.

57.     With getting paid $130 per day and working 96 hours over six days each week between March and May 2022, Plaintiff Bonilla Para's effective hourly rate was $8.12: $130 x 6 = $780; $780/96 hours = $8.12.

58.     With getting paid $130 per day and working 72 hours over six days each week between May and September 2022, Plaintiff Bonilla Para's effective hourly rate was $10.33: $130 x 6 = $780; $780/72 hours = $10.33.

59.     $15 per hour is minimum wage under the New York Labor Law for 2022.

60.     Defendants paid Plaintiff Bonilla Para below the minimum wage.

61.     Throughout her employment, when Plaintiff Bonilla Parra worked more than 40 hours per week, she was not paid overtime pay: 1.5 times her regularly hourly rate for every hour worked over 40 in a given week.

Labor Law Notice and Wage Statement Violations

62.     Defendants paid Plaintiff Bonilla Parra in cash throughout her employment.

63.     Defendants failed to provide Plaintiff Bonilla Parra with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point in her employment.

64.     Likewise, Defendants did not provide Plaintiff Bonilla Parra with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

65.     Defendants did not post a poster advising Plaintiff Bonilla Parra of her right to a minimum wage.

## FIRST CAUSE OF ACTION
### SEXUAL HARASSMENT
### UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

66.     Plaintiff Bonilla Parra repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

67.     At all relevant times, Plaintiff Bonilla Parra was an "employee" and "person" within the meaning of the NYSHRL and Defendants Carrero Construction and Carrero were "employers."

68.     The NYSHRL prohibits employment discrimination and harassment based on gender. N.Y. Exec. Law § 296(1)(a).

69.     Plaintiff Bonilla Parra was subjected to unwelcomed sexual conduct in the workplace that constitutes sex-based harassment.

70.     Defendant Carrero Construction is vicariously liable for an actionable hostile and discriminatory environment created by its supervisors who had immediate or successively higher authority over Plaintiff Bonilla Parra.

71.     Defendant Carrero Construction had the authority to affect Plaintiff Bonilla Parra's employment terms and conditions.

72.     Defendant Carrero is personally liable for the damages under this claim because he constitutes an employer and participated in the conduct giving rise to this claim. N.Y. Exec. Law §§ 296(1), 296(6).

## SECOND CAUSE OF ACTION
### GENDER BASED HARASSMENT
### UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

73.     Plaintiff Bonilla Parra repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

74.     At all relevant times, Plaintiff Bonilla Parra was an "employee" and "person" within the meaning of the NYCHRL and Defendants Carrero Construction and Carrero were "employers."

75.     Plaintiff Bonilla Parra was treated less well than her male colleagues because of her gender, violating N.Y.C. Admin. Code § 8-107(1)(a).

76.     Defendant Carrero Construction is strictly liable for the actionable hostile environment created by its supervisors who had immediate or successively higher authority over Plaintiff Bonilla Parra.

77.     Defendants harassed Plaintiff Bonilla Parra with malice and/or reckless indifference to her rights under the NYCHRL.

78.     As a result of Defendant Carrero Construction's unlawful conduct, Plaintiff Bonilla Parra can recover punitive damages against Defendant Carrero Construction. N.Y.C. Admin. Code § 8-502.

## THIRD CAUSE OF ACTION
### RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

79.     Plaintiff Bonilla Parra repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

80.     The NYCHRL prohibits employers from retaliating or discriminating in any manner against any person because such person has opposed any practice the NYCHRL forbids. N.Y.C. Admin. Code § 8-107(7).

81.     Under the NYCHRL, the retaliation or discrimination complained of need not result in an "ultimate action" with respect to the employee, or even in a materially adverse change in the employee's terms and conditions, provided that the retaliatory or discriminatory act(s) complained of would be reasonably likely to deter a person from engaging in protected activity. Restoration Act § 3 (amending N.Y.C. Admin. Code § 8-107(7)).

82.     Plaintiff Bonilla Parra took action to oppose Defendant Carrero Construction's hostile work environment.

83.     Defendants engaged in conduct that was reasonably likely to deter a person from engaging in such conduct, violating the NYCHRL's anti-retaliation provision. N.Y.C. Admin. Code § 8-107(7).

84.     A causal connection exists between Plaintiff Bonilla Parra's opposition and Defendant Carrero Construction's conduct.

## FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

85.     Plaintiff Bonilla Parra repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

86.     Under the NYSHRL, "[i]t shall be an unlawful discriminatory practice . . . [f]or any employer . . . to . . . discriminate against any person because [s]he has opposed any practices forbidden under this article or because [s]he has filed a complaint, testified or assisted in any proceeding under this article." N.Y. Exec. Law § 296(1)(e).

87.     Plaintiff Bonilla Parra engaged in protected activity, having opposed practices the NYSHRL forbids; Defendants were aware of Plaintiff Bonilla Parra's participation in the protected activity; Defendants took adverse action against Plaintiff Bonilla Parra; and a causal connection existed between Plaintiff Bonilla Parra's protected activity and the adverse action Defendants took.

88.     No legitimate, non-retaliatory reasons exist for the adverse action Defendants took against Plaintiff Bonilla Parra.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

89.     Plaintiff Bonilla Parra repeats every allegation of the preceding paragraphs as if fully set forth herein.

90.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Bonilla Parra 1.5 times her regular rate of pay for all hours she worked in excess of 40 per workweek.

91.     Defendants failed to pay Plaintiff Bonilla Parra the overtime wages to which she was entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

92.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Bonilla Parra overtime.

93.     Due to Defendants' Labor Law violations, Plaintiff Bonilla Parra is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NYLL

94.     Plaintiff Bonilla Parra repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

95.     Defendants have willfully failed to supply Plaintiff Bonilla Parra with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of her first employment date or at any time during her employment.

96.     Due to Defendants' violations of Labor Law § 195.1, Plaintiff Bonilla Parra is entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT
### UNDER THE NEW YORK LABOR LAW

97.     Plaintiff Bonilla Parra repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

98.     Defendants have willfully failed to supply Plaintiff Bonilla Parra with the required statement with every payment of wages, violating Labor Law § 195.3.

99.     Due to Defendants' violations of Labor Law § 195.3, Plaintiff Bonilla Parra is entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

<u>EIGHTH CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE UNDER THE LABOR LAW

100.     Plaintiff Bonilla Parra repeats every preceding allegation as if set forth fully herein.

101.     Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Bonilla Parra.

102.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Bonilla Parra.

103.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Bonilla Parra the statutory minimum wage.

104.     As an employer within the meaning of the Labor Law, Defendant Carrero is individually liable.

105.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Bonilla Parra the minimum wage.

106.     Due to Defendants' Labor Law violations, Plaintiff Bonilla Parra is entitled to recover from them her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## NINTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA

107.    Plaintiff Bonilla Parra repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

108.    Defendants were required to pay Plaintiff Bonilla Parra no less than one and one-half (1.5) times the regular rate at which she was paid for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

109.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff Bonilla Parra for her hours worked in excess of forty (40) hours per workweek.

110.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

111.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Bonilla Parra's compensation.

112.    Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

113.    In failing to compensate Plaintiff Bonilla Parra for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Bonilla Parra respectfully requests that this Court grant the following relief:

1.      Accepts jurisdiction over this matter.

2.      Impanels and charges a jury with respect to the causes of action.

3.      Awards Plaintiff Bonilla Parra the following damages against Defendants:

   a.      Backpay, front pay, and all benefits along with pre and post judgment interest;

   b.      An award of punitive damages under the NYCHRL and NYSHRL;

   c.      Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, physical injury and emotional distress, and medical expenses in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination, harassment and retaliation are repulsive to legislative enactments;

   d.      An award for unpaid minimum wages under the Labor Law;

   e.      An award for unpaid overtime under the Labor Law and the FLSA;

   f.      An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

   g.      An award for failing to provide the N.Y. Lab. Law § 195.3 Statements;

   h.      An award of liquidated damages as a result of Defendants' Labor Law violations;

   i.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

j.      Defendants being jointly and severally liable.

k.      A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

l.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

m.      Attorneys' fees, costs and expenses to the fullest extent permitted by law; and

n.      Any other relief that this Court deems just and equitable.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Bonilla Parra demands a trial by jury on all questions of fact the Complaint raises.

Dated:  New York, New York
        December 2, 2022

LIPSKY LOWE LLP


By: <u>s/ Douglas B. Lipsky</u>
    Douglas Lipsky
    420 Lexington Avenue, Suite 1830
    New York, New York 10170-1830
    212.392.4772
    doug@lipskylowe.com
    *Attorney for Plaintiff Bonilla Parra*